UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 JAN -2 AM 9: 45
U.S. ...
N.D. ... COURT
... ALABAMA

| | | |
|---|---|---|
| UNITED BENEFIT LIFE<br>INSURANCE COMPANY, an Ohio<br>corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | CV-00-PT-3155-M |
| vs. | )<br>) | |
| JAMES COLLINS, CHARLENE<br>COLLINS, and CARLON COLLINS,<br>individuals, | )<br>)<br>) | |
| Defendants. | | |

ENTERED
JAN 2 2001

## MEMORANDUM OPINION

This cause comes to be heard upon plaintiff United Benefit Life Insurance Company's ("UBL") Motion to Compel Arbitration and to Stay Pending State Court Proceeding, filed November 21, 2000.

## UNDISPUTED FACTS

On or about October 9, 1998, defendant James Collins ("Collins") purchased a medical insurance policy from the plaintiff through the plaintiff's agent, Ronald Joe Byers ("Byers"). The policy contained a $500 deductible that the defendant, his wife Charlene, and his son Carlon were required to meet before invoking the plan's coverage. In 1999, Collins requested payment from UBL, but UBL refused to pay benefits to the extent that Collins felt were warranted under the policy. After several unsuccessful attempts to secure the benefits that they believed were owed to them, Collins and his family sued both UBL and its agent, Byers, in the Circuit Court of Etowah County, claiming negligence and/or wantonness, fraud, misrepresentation, breach of

1



contract, and bad faith, under Alabama law. The case is currently pending against both defendants in the state court.

## THE INSTANT COMPLAINT

UBL brings its complaint based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(2). Because Byers is not a party to the instant proceeding, there is complete diversity between the parties. UBL claims that, based on the plaintiff's claim for punitive damages in the state court proceeding, the amount in controversy exceeds $75,000. UBL's prayer for relief is for this court to compel the Collinses to arbitrate their claims pursuant to an arbitration agreement, the validity of which is in dispute, and to stay the state court proceeding in its entirety, pending arbitration, pursuant to 28 U.S.C. § 2283 and 9 U.S.C. §§ 3 and 4. The instant motion basically reiterates the complaint.

## DISPUTED FACTS

The most significant disputed fact is whether Collins actually signed the arbitration agreement. UBL has submitted as Exhibit A to its Motion to Compel Arbitration, a copy of an agreement, dated October 9, 1998, that bears Collins's signature. It was witnessed by Byers. Collins has submitted, in return, a sworn affidavit, in which he states in paragraphs 2-3: "I did not sign the arbitration endorsement that is attached to my affidavit as Exhibit A. I have never intended or consented to arbitrate any dispute I might have against [UBL]. "[1,2]

According to Collins, after the medical expenses exceeded the yearly deductible for the

---

[1] The Collinses submitted this affidavit as part of their Motion to Dismiss, or in the Alternative, to Abstain from Exercising Federal Jurisdiction, which this court can only assume is its motion in opposition to UBL's Motion to Compel Arbitration.

[2] The Collinses' Exhibit A consists of the same arbitration agreement that UBL attempts to enforce.

year 1999, he requested payment from UBL. He claims that UBL not only refused to pay him for the medical expenses, but, in 1999 as well as in 2000, threatened to terminate his insurance coverage unless he completed a new policy agreement that contained an arbitration form. Collins claims that he refused to sign the arbitration form offered to him, and that he did not sign the arbitration form that UBL has produced for purposes of this motion.

**ARGUMENT**

UBL argues that the arbitration agreement is valid and enforceable, relates to a business transaction that involves interstate commerce, and covers the Collinses' claims. The Collinses argue that this court lacks subject matter jurisdiction because there is not complete diversity among all of the *necessary* parties. Specifically, the Collinses contend that Byer, a resident of Alabama, is an indispensable party pursuant to Federal Rule of Civil Procedure 19(b). They also argue that, because they dispute that Collins actually signed the arbitration agreement, staying the state court action is unnecessary, citing Transouth Financial Corp. v. Bell, 149 F.3d 1292, 1297 (11th Cir. 1998).[3]

The Collinses argue further that concurrent litigation would necessarily result in piecemeal litigation, that UBL would have an adequate remedy in state court if the federal action is dismissed, and that "the balance weighs heavily in favor of allowing all issues to be decided in the proceedings already initiated in the state forum," citing Green Tree Financial Corp. v. Holt, 171 F.R.D. 313, 316 (N.D. Ala. 1997); The Mutual Life Insurance Co. v. Adams, 972 F. Supp

---

[3] In Transouth, the Eleventh Circuit held that the district court appropriately refused to stay a parallel state court proceeding because, until the district court compelled arbitration, an order staying the state proceedings pursuant to the "aid of jurisdiction" exception to the Federal Anti-Injunction Act, 28 U.S.C.A. § 2283, was unnecessary. The court suggested, however, that once the district court had compelled arbitration, "a stay of the state court proceedings might be appropriate . . . because continued state proceedings could jeopardize the federal court's ability to pass on the validity of the arbitration proceeding it has ordered." 149 F.3d at 1297.

1386, 1393 (N.D. Ala. 1997). They also cite <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818 (1976) for the proposition that certain factors weigh heavily in favor of this court's abstaining from exercising federal jurisdiction in favor of the state court proceeding.

## DISCUSSION

This case, as well as the foregoing arguments, are quite similar to the factual scenario and arguments of a recent Eleventh Circuit case, <u>First Franklin Financial Corp. v. McCollum</u>, 144 F.3d 1362, 1363 (11th Cir. 1998). McCollum initially sued First Franklin and one of its employees in state court, alleging various state causes of action. First Franklin brought suit in federal court shortly thereafter, pursuant to the Federal Arbitration Act ("FAA"), asking the federal court to compel arbitration. <u>Id.</u> The district court dismissed the action, citing "principles of comity and federalism,"and the Eleventh Circuit reversed the dismissal.

The court first decided that, although "the FAA alone does not supply subject matter jurisdiction," the district court had diversity jurisdiction because complete diversity existed between First Franklin and McCollum, and the amount in controversy exceeded $75,000. <u>Id.</u> In so concluding, the Eleventh Circuit rejected McCollum's argument that, because complete diversity did not exist between McCollum and one of the defendants at the state court level, the district court did not have removal jurisdiction, and, therefore did not have jurisdiction over the independent action. <u>Id.</u> The court also rejected McCollum's related argument, that the district court did not have jurisdiction over the entire "underlying dispute," and, therefore could not compel arbitration for just one defendant. <u>Id.</u> at 1364. The Eleventh Circuit found that the plaintiff's claim against the two defendants was divisible: "McCollum v. [the employee] and McCollum v. First Franklin. First Franklin seeks to arbitrate only McCollum v. First Franklin,

4

and there is undoubtedly diversity in that underlying dispute." Id.

The divisibility of the claims in McCollum suggests that Collins's argument that Byers is an indispensable party is a weak one. In order for a party to be declared indispensable pursuant to Rule 19(b), it must be shown either that complete relief cannot be accorded among the remaining parties, that the "indispensable" party claims an interest relating to the subject of the action that the "indispensable" party would be unable to protect without being included, or that excluding the "indispensable" party would leave one of the remaining parties subject to a substantial risk of incurring duplicative or inconsistent obligations. It is a general rule that the mere fact that parties are joint tortfeasors or co-defendants does not render them indispensable. MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 946 (11th Cir.1999)(citing Temple v. Synthes Corp., 498 U.S. 5, 7 (1990); Herpich v. Wallace, 430 F.2d 792, 817 (5th Cir. 1970)). The defendants have not shown that, without Byers, their claim against UBL cannot be completely resolved. They have not shown that Byers claims an interest in the litigation that he could not protect without being included in this case. Finally, they have not shown that either they or UBL would be subject to inconsistent or duplicative obligations were he to not be included in this action. Absent a showing of one of the three, this court cannot conclude that Byers is indispensable to this litigation.

The McCollum court also addressed McCollum's argument, similar to the Collinses' argument in this case, that the factors in Colorado River and another case, Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983), weighed in favor of abstention. Id. The court first noted that "once such jurisdiction exists, federal courts have a 'virtually unflagging obligation to exercise it.'" (citing Moses H. Cone, 460 U.S. at 15 (quoting Colorado River, 424 U.S. at 817)). "That means that dismissal is warranted in light of a

5

concurrent state action only when a balancing of relevant factors, 'heavily weighted in favor of the exercise of jurisdiction,' shows the case to be exceptional." Id. The six balancing factors in Moses H. Cone are: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of the decision; and (6) whether the state court will adequately protect the rights of all the parties. 460 U.S. at 16-26. No one factor is dispositive. Transsouth, 149 F.3d at 1295.

After applying the factors, the McCollum court found that McCollum's case was not sufficiently extraordinary to justify the district court's abstention from exercising its jurisdiction. 144 F.3d at 1364-1365. Its application of the factors is instructive in this case. The parties stipulated that the first two factors, jurisdiction over property and relative inconvenience of the fora, were irrelevant, Id. at 1364, and, while the parties in the instant case have not done so, the irrelevance of these first two factors to their case is nevertheless apparent.

The McCollum court then found that the third factor, the potential for piecemeal litigation, was very low because of the narrow scope of the federal complaint: the result of the federal litigation would be either an order compelling arbitration or an order refusing to compel arbitration and dismissing the petition. Id. The litigation in the federal court would, therefore, not amount to a piecemeal litigation of the merits of the state action.[4] Id. The danger of piecemeal litigation in the instant case is the same as that in McCollum: the only order that this

---

[4] Apparently, piecemeal litigation is only a concern when the merits of a case, not the forum of the case, are at issue. And even if the order compelling arbitration presented a danger of piecemeal litigation, according to the Eleventh Circuit, "that is piecemeal litigation that the parties [by signing the arbitration agreement] and federal policy have together made mandatory." McCollum, 144 F.3d at 1364.

court can issue in response to the UBL's petition is either an order compelling arbitration or an order refusing to compel arbitration. According to the Eleventh Circuit, this narrow result either does not amount to dangerous piecemeal litigation or is piecemeal litigation sanctioned by contract and by federal policy. Id.

The court next concluded that the fourth factor, the order in which the tribunals gained jurisdiction, weighed against abstention in McCollum's case because, while McCollum filed his petition in state court three weeks before First Franklin filed its petition in federal court, "there is no suggestion in the record that First Franklin could have done so much earlier than that, or that First Franklin could have known before McCollum sued in state court that [McCollum] would not honor the arbitration agreement." Id. at 1364-1365. The court noted that, between the filing of the state court petition and the federal petition, the state case had not progressed. Id. at 1365. In fact, the court found that, since the federal petition had been filed, the federal case had progressed more quickly than the state case. Id. In the instant case, there is no indication in the record that the state court case has progressed to such a point that this court's decision would violate the principle of comity and create federalism concerns. See Merril Lynch, Pierce, Fenner & Smith v. Haydu, 675 F.2d 1169, 1173-1174 (11th Cir. 1982)(relinquishment of federal jurisdiction appropriate where state court already denied arbitration, determined liability, and case is on verge of trial for damages). There is also no indication in the record that UBL should have filed its petition to compel arbitration sooner than it did.

The McCollum court concluded that the fifth factor, whether federal law provides the rule of the decision, weighs in favor of exercising jurisdiction where, as in both McCollum and the instant case, the petition has been brought solely under the Federal Arbitration Act. Id. ("Thus, any legal interpretation will be of federal law."). Federal law might not completely

7

govern the instant case, however, where one of the main issues is whether the arbitration clause is valid. In <u>Southeast Banking Corp. v. First Trust</u>, 156 F.3d 1114, n. 9 (11th Cir. 1998), the Eleventh Circuit stated that "the Supreme Court has explained that, although federal law establishes the enforceability of arbitration agreements, a court must construe that agreement according to generally applicable principles of state law." citing <u>Perry v. Thomas</u>, 482 U.S. 483, 492 n. 9 (1987); <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995) (applying "ordinary state-law principles that govern the formation of contracts" in interpreting an arbitration agreement.")).

The Eleventh Circuit found that the final factor, the adequacy of the state court to protect First Franklin's rights, weighed somewhat in favor of the state proceeding, because the state remedies were possibly adequate. 144 F.3d at 1365. The Alabama Supreme Court has allowed Alabama state courts to compel arbitration under the FAA. <u>Old Republic Ins. Co. v. Lanier</u>, 644 So. 2d 1258, 1260 (Ala. 1994). However, the court emphasized that a factor favoring abstention had to "[weigh] heavily in favor of relinquishing jurisdiction." 144 F.3d at 1365. The court concluded that, in light of the other factors pointing to the exercise of Federal Jurisdiction, the adequacy of the available remedies in the state proceeding was insufficient to allow the federal court to abstain from exercising its jurisdiction. <u>Id.</u>

## CONCLUSION

This court will accept jurisdiction of this action. Before entering any order, however, the court will conduct a hearing to determine whether the arbitration agreement was or was not signed by an appropriate party.

This 2nd day of Jan, 2001.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE